Culp Industrial Insulation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Henry Linker, Sr., Respondents.

Argued February 6, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Joseph A. Loch,* with him *Joseph P. Lenahan, Lenahan & Dempsey, P.C.,* for petitioner.

*Erik N. Dingle,* for respondent, Henry Linker, Sr.

OPINION BY JUDGE WILLIAMS, JR., March 18, 1981:

Culp Industrial Insulation (Culp) has appealed from an order of the Workmen's Compensation Appeal Board (Board) which affirmed, as amended by the Board, a referee's award of total disability benefits to claimant Henry Linker, Sr., for an occupational disease as defined by The Pennsylvania Workmen's Compensation Act (Act).[1]

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 *et seq.*

Appellant Culp does not dispute the finding that the claimant suffered permanent total disability from an occupational disease, asbestosis, contracted in the course of employment. The appellant's central contention is that the record does not support the conclusion that the claimant complied with the 120-day notice requirement of Section 311 of the Act.[2] More specifically, Culp asserts that almost 2 years elapsed between the time the claimant first knew or should have known he was disabled from a job-related occupational disease and when he notified Culp of his condition.

Claimant Linker had worked about 38 years insulating pipes with asbestos. Working out of a union hall, he performed that task for many employers over the course of his career. However, during the period between 1970 and February, 1974, he did work principally for appellant Culp. On February 19, 1974, Linker retired, having reached age 65.

In 1977 Linker began to cough blood. On April 1, 1977, he was examined by a Dr. Charles Myers, who diagnosed that Linker was disabled by job-related asbestosis. What Dr. Myers *told the claimant* about that diagnosis is a critical question underlying the notice issue in this case. It is clear, however, that Dr. Myers did tell the claimant to undergo further tests. Instead of seeking the other tests as recommended by Dr. Myers, Linker at some later point sought the opinion of another doctor, Dr. Irving Selikoff.

According to Linker's testimony in this case, he did not gain complete knowledge that he was totally disabled due to his previous employment until he re-

---

[2] 77 P.S. §631. To the extent here pertinent, this Section provides, in effect, that once a claimant has actual or constructive knowledge that he has a disability which results from an occupational disease and which has a possible rationship to his employment, the claimant must notify the employer within 120 days; otherwise, compensation shall be barred.

ceived Dr. Selikoff's letter dated November 14, 1978, which diagnosed the claimant's condition as work-related, extensive pulmonary asbestosis. On February 14, 1979, the claimant sent Culp notice of his disability.

On February 16, 1979, Linker filed a Claim Petition alleging he was disabled by asbestosis and that he was exposed to that disease hazard from July 1, 1973, to March 1, 1974, while employed by appellant Culp. He also alleged that the date of his injury and of his disability was *November 14, 1978.*

In contesting the timeliness of the claimant's notice, Culp asserts that the claimant *knew or should have known* on April 1, 1977, when examined by Dr. Myers, that he was disabled by the work-related asbestosis. Culp argues to this Court that the testimony of Dr. Myers before the referee establishes that the doctor told the claimant of his disabling, work-related, occupational disease in April 1977.

It is true that on cross-examination by Culp's counsel Dr. Myers testified he *recalled* telling the claimant on April 1, 1977, that he was disabled by work-related asbestosis. However, that was only part of the doctor's cross-examination testimony on that point. Immediately prior to that part of the testimony, the following exchange occurred between the doctor and counsel for Culp:

Q. And, did you advise Mr. Linker that you believed that he had asbestosis at that point [April 1977]?

A. Well, that would be a matter of recall. I usually do. I would have to have it in my record that I did.

Q. You have it in your record that you advised him that he had—

A. I do *not* have it in my record that I advised the patient.

Q. Oh?

A. *I have a record as to my impressions, and I don't say here that I so informed the patient. If that is what you mean, no.*

(Emphasis added.)

Equivocal at best was Dr. Myers' testimony as to whether he informed the claimant of his disability from work-related asbestosis. Furthermore, even if Dr. Myers had so advised the claimant, it would have been within the referee's province as fact-finder to determine that the claimant did not understand what he was told on that occasion. *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* Pa. , 421 A.2d 1060 (1980). It is well settled that the referee may, in the lawful exercise of his broad discretion, accept or reject the testimony of *any* witness. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Accordingly, the referee acted within his powers as fact-finder when he accepted the claimant's testimony that it was in November, 1978, he first had reason to know he was disabled by work-related asbestosis. That finding is binding on this Court and legally supports the conclusion that the notice to Culp was given within the 120-day period mandated by Section 311 of the Workmen's Compensation Act.

In this case the referee awarded the claimant compensation at the rate of $213.32 per week commencing April 26, 1979. The Board amended the award to $106.00 per week payable from February 14, 1979. Neither of the parties to this appeal challenges the modified rate of $106.00. For it is established that the rate of compensation is determined by the law in effect at the time of injury. *Spatola & Thompson v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 137, 401 A.2d 877 (1979). Both parties

agree that by force of this principle the maximum rate would be $106.00 per week.

The point of dispute that remains in this case concerns the date of the claimant's disability or the date his compensation should begin. The referee directed that compensation begin on April 26, 1979, apparently taking that as the date of total disability. The only evidence possibly pointing to that date is the testimony of Dr. Myers, who stated that a test of that date would have *confirmed* his belief that the claimant was totally disabled. It is true that the date of disability is a question of fact for the referee to determine from the evidence. *Gateway Coal Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 608, 388 A.2d 1122 (1978). However, Dr. Myers' testimony does not support the referee's choice of April 26, 1979, because the test referred to merely confirmed Dr. Myers' already existing belief of the claimant's total disability. In short, the record evidence in this case, and the inferences therefrom, point commandingly to a date of disability significantly earlier than April 26, 1979.

The evidence in this case would support the claimant's allegation that he was disabled on November 14, 1978, the date of Dr. Selikoff's letter. In view of that evidence, the Board applied the 21-day notice provision of Section 311 of the Act: since the claimant did not notify Culp until February 14, 1979, more than 21 days beyond the date the claimant had the requisite knowledge of his condition, no compensation would be due until that date of notice.[3] Under the circumstances

[3] Even though compensation has not been totally barred for reason of noncompliance with the 120-day notice requirement, Section 311 also provides that if notice is not given to the employer within 21 days after the claimant gains the requisite actual or constructive knowledge, *no compensation shall be due until such notice is given.*

of this case we will not disturb the date of compensation as modified by the Board; and we affirm the Board's amended order in this case.

### ORDER

AND Now, the 18th day of March, 1981, the amended order of the Workmen's Compensation Appeal Board at No. A-77935 is hereby affirmed.