529 A.2d 600

Frank Martincic, Petitioner *v.* Workmen's Compensation Appeal Board (Greater Pittsburgh International Airport), Respondents.

Submitted on briefs May 19, 1987, to Judges MAC-PHAIL and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Joel Persky, Henderson* & *Goldberg,* for petitioner.

*David A. Cicola, William K. Herrington* & *Associates,* for respondent.

OPINION BY JUDGE MACPHAIL, August 5, 1987:

Frank Martincic (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which amended a referee's decision to award benefits only from the date notice of disability was given to Claimant's employer, rather than from the date of disability. We vacate and remand.

Claimant worked as a stationary engineer for more than thirty years, the last thirteen of which was in the employ of the Greater Pittsburgh International Airport. His job entailed maintaining and repairing heating and air conditioning equipment in an airport terminal, which exposed Claimant to asbestos dust and fumes. Claimant retired on August 25, 1978 because he had trouble breathing and "getting around."[1]

---

[1] Notes of Testimony (N.T.) from October 18, 1982 at 13.

In November of 1981, Claimant was examined by Dr. C. Vaughn Strimlan who informed the Claimant that he had asbestosis. Claimant subsequently consulted an attorney and on January 11, 1982, two letters were sent to Claimant's employer informing it that Claimant is "totally and permanently disabled as a result of a presumed occupationally-related pulmonary disease."[2]

Claimant filed a claim petition for workmen's compensation benefits on April 26, 1982, alleging that he became totally disabled as a result of asbestosis on August 25, 1978. The petition was assigned to a referee for a hearing, and on October 12, 1984, the referee awarded benefits from October 26, 1978, the date of Claimant's first disability.[3] The Board amended the referee's decision so that compensation commenced on January 12, 1982, the date on which Claimant's employer received notice of the disability. Claimant's petition for review of this order is now before our Court.

Claimant's sole argument on appeal is that the Board incorrectly amended the referee's order to award benefits from the date of notice of disability rather than from the date of disability. Our review of the Board's order is, of course, limited to a determination of whether constitutional rights have been violated, an error of law committed, or whether its findings are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

---

[2] A letter addressed to the Law Department of the County of Allegheny was received on January 12, 1982, and one addressed to the employer's Administrative Offices was received January 13, 1982. *See* N.T. at 18-19; Claimant's Exhibits 2 and 3.

[3] The Claimant appears to have retired on August 25, 1978 although the referee found his last day of work to be October 25, 1978.

Section 311 of The Pennsylvania Workmen's Compensation Act, (Act)[4] 77 P.S. §631, provides:

> Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. *However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.* The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease. (Emphasis added.)

In interpreting Section 311 of the Act, our Court has held that:

> When there is evidence in the record that Claimant, if he had exercised reasonable diligence, may have acquired such knowledge from which a referee could find that Claimant *should have known* of his disability from an occupational disease and its causal relationship to his employment, a finding by the referee of when Claimant *should have known* these matters is necessary for our review.

---

[4] Act of June 2, 1915, P.L. 736, *as amended.*

*Arcadia Coal Co. v. Workmen's Compensation Appeal Board (Kubalic)*, 79 Pa. Commonwealth Ct. 148, 152-153, 468 A.2d 906, 908 (1983) (emphasis in original).

This critical finding is required because under the provisions of Section 311, where the claimant gives notice of his disability from disease within 21 days of the date he knew or should have known of the injury and its relationship to his employment, compensation is payable from the date of disability. If, however, the claimant gives notice after the 21 days has elapsed but within 120 days of the date he knew or should have known of his injury, compensation is then payable from the date that notice was given. *See Culp Industrial Insulation v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 599, 426 A.2d 1263 (1981).

In the case now before us the referee's sole finding of fact regarding notice reads as follows:

10. Notice was sent to the defendant (employer) by certified mail dated January 12, 1982 and January 13, 1982. Your Referee finds this Notice to be timely as the claimant was not told that he had asbestosis until he met with his counsel and was advised of the contents of Dr. Strimlan's letter of January 12, 1982.

The Board, citing *Arcadia Coal Co.,* correctly concluded that that finding was insufficient to satisfy the requirement that there be a specific finding as to when the Claimant knew *or should have known* of his disability and its relationship to his employment. Then, however, the Board, without taking additional evidence, proceeded to state that January 12, 1982 was "the date the claimant knew or should have known of a causal relationship between his employment and work-related injury."

Our case law is to the effect that since the 1972 amendments to the Act, when the Board hears no addi-

tional evidence, it may not "make its own findings of fact, but is limited to reviewing conclusions of law and to determining whether the findings of fact of the referee are supported by competent evidence." *Page's Department Store v. Velardi*, 464 Pa. 276, 282-283, 346 A.2d 556, 559 (1975).

Inasmuch as there has been no finding by the factfinder as to when the Claimant knew or should have known of his injury and its relationship to his employment, we are unable to resolve the issue presented to us of whether compensation is payable from the date of disability or the date notice of disability was given. We, therefore, must remand the case to the Board for further remand to the referee for the necessary factfinding.

ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned proceeding is vacated, and the matter is remanded for further remand to the referee for findings consistent with the foregoing opinion.

Jurisdiction relinquished.

DISSENTING OPINION BY JUDGE DOYLE:

The issue confronting us in this case is one of first impression: where a claimant has given notice to his employer within 21 days of his knowledge of a totally disabling disease, which is three years after his *actual* disability, are benefits to be paid retroactive to the actual date of disability, or, are they to be paid only from the date the employer is given notice?

If we conclude, as does the majority, that benefits may be paid retroactive to the date of actual disability, then the threshhold determination of when the Claimant *knew or should have known* of his disease is an essential fact that must be determined by the referee; how

else could we determine if notice was within 21 days of a particular date if we are left without a finding as to what that date is?

If we conclude, however, as I do and the Board did, that notice given more than 21 days after the date of *actual* disability, triggers the payment of benefits only from the date of that notice, then a remand is not necessary because, as the Board in this instance concluded, the first date of actual disability and the date of notice, are undisputed. The referee made a fact finding (No. 12) that, "[c]ompensation is to begin with Claimant's *first date of disability,* or October 26, 1978" (emphasis added). It is undisputed that notice was not given, however, until January 12, 1982, when Claimant first became aware of the occupational nature of his disease. Benefits should begin, therefore, as of this latter date, and the Board so held in amending the referee's decision and order. Succinctly stated, the 21 day notice period which begins compensation, is measured from the date established as the Claimant's actual disability, not the date that the Claimant first "knew or should have known" that he was disabled. On the other hand, it is abundantly clear, that the 120-day statute of repose is tolled until Claimant knows, or should know, of his injury.

Stripped of excess verbiage, Section 311 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §631, pertinently states as follows:

> Unless the . . . employe . . . shall give notice . . . to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensa-

---

[1] Act of June 2, 1915, P.L. 732, *as amended.*

tion shall be allowed. However, in cases of [asbestosis] . . . the time for giving notice shall not begin to run until the employe knows, or . . . should know, of the existence of the injury. . . .

I would interpret this to mean that unless employers are given notice within 21 days of the employee's actual injury, benefits commence when the employer is notified. The time for giving notice *is extended for the benefit of the employee* only as to that part of Section 311 which is a statute of repose, *i.e.*, the 120 day notice requirement which, theoretically, under Section 311 of The Occupational Disease Act (ODA),[2] 77 P.S. §1411, and, statutorily, under Section 311 of the Workmen's Compensation Act, parallels the application of a "discovery rule" which tolls the running of the limitation provisions under Section 315 of the Act, 77 P.S. §602, and Section 315 of the ODA, 77 P.S. §1415. *See Ciabattoni v. Birdsboro Steel Foundry & Machine Co.*, 386 Pa. 179, 125 A.2d 365 (1956); *see also* Torrey, *Time Limitations in the Pennsylvania Workmen's Compensation and Occupational Disease Acts: Theoretical Doctrine and Current Applications*, 24 Duq. L. Rev. 975 (1986).

---

[2] Act of June 21, 1939 P.L. 566, *as amended*. Section 311 of the ODA states:

Unless the employe . . . shall give notice of disability to the employer . . . within twenty-one days after compensable disability begins, no compensation shall be due until such notice be given, and unless such notice be given within one hundred and twenty days after the beginning of compensable disability no compensation shall be allowed.

No reference is made here, in contrast to Section 311 of the Workmen's Compensation Act, that "the time for giving notice shall not begin to run until the employe knows, or . . . should know, of the existence of the injury . . ." because the term "compensable disability" is used instead. *See Ciabattoni v. Birdsboro Steel Foundry & Machine Co.*, 386 Pa. 179, 125 A.2d 365 (1956).

Furthermore, unlike the reasoning underlying a statute of limitations and a statute of repose (provisions which are found in both the Act and the ODA) we have stated in *Township of Upper Darby v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 438, 442, 417 A.2d 1319, 1321 (1980), "[t]he purpose of the [21 day] notice requirement of Section 311 is to apprise the employer of the claim and to give the opportunity for a thorough investigation while the events are recent." *But see* Torrey at 1061 n. 434. This interpretation would also be in harmony with Section 406.1 of the Act,[3] 77 P.S. §717.1 which states that, "[t]he first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability."

The Claimant argues to us *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Feiertag),* 90 Pa. Commonwealth Ct. 567, 496 A.2d 412 (1985), as authority for the principle that when notice is given within 21 days of a claimant's knowledge, benefits are granted beginning with the date of disability. *Feiertag* did not so hold nor did the Court even address this issue. With regard to Section 311, *Feiertag* discusses only the 120 day requirement and held only that, although the claimant was disabled by an occupational disease as of February 1976, because he did not acquire knowledge of the diagnosis until December 23, 1980, "notice given the employer on January 9, 1981 was timely and in compliance with Section 311." *Id.* at 574, 496 A.2d at 417. No mention was made of the date when benefits were to begin. Likewise, in *Culp Industrial Insulation v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 599, 426 A.2d 1263

---

[3] Section 406.1 was added by Section 3 of the Act of February 8, 1972, P.L. 25.

(1981) and *Sierzega v. United States Steel Corp.*, 204 Pa. Superior Ct. 531, 205 A.2d 696 (1964) the answer which we now seek remained elusive. In *Culp* the facts are similar but for the essential fact that the claimant did *not* notify the employer within the 21 days; the Court concluded, therefore, that no compensation would be due until the date of notice. In *Sierzega*, which does provide an identical factual matrix, the question was not presented, nor voluntarily answered, by the court. There the evidence established that the claimant was totally disabled on July 1, 1960 and that he was first advised of the occupational disease (silicosis) on September 15, 1961. The Court held that, "[t]he *statute of limitation* begins to run from the time the employe *is* disabled and definitely knows or should know of his disability from silicosis. It follows that notice was clearly given *within the required period of 120 days*." *Id.* at 537, 205 at 699 (citations omitted; emphasis added). No mention is made of when benefits should begin, although Section 311 required notice to the employer within 21 days or, failing such notice, no compensation would be due until such notice was given.

I therefore dissent and would affirm the Board's opinion which, in essential part states:

> We find that since the claimant was first advised as to when a causal relationship between his employment and his work-related injury existed [was] on January 12, 1982, the proper date of commencement of compensation should be January 12, 1982.
>
> . . .
>
> After a careful review of the record, we find that compensation should commence on January 12, 1982, the date that the claimant knew, or should have known of a causal relationship between his employment and work-related injury,

and therefore, we amend the Referee's order. Accordingly, in all other respects, the decision of the Referee is affirmed as amended.