641 A.2d 615

Greg LIBERTY, a Minor, by his Parent and Natural Guardian, Ralph W. LIBERTY, and Ralph W. Liberty, in his own Right, Appellees,

v.

ADVENTURE SHOPS, INC., Individually and t/a Halloween Adventures, Appellant.

Superior Court of Pennsylvania.

Argued March 3, 1994.

Filed May 20, 1994.

Paul J. Downey, Philadelphia, for appellant.

Charles J. Schleifer, Philadelphia, for appellees.

Before ROWLEY, President Judge, and SAYLOR and HESTER, JJ.

SAYLOR, Judge:

This is an appeal from an order entering judgment in favor of the plaintiff in an action brought against an employer for injuries suffered during the course of employment. We affirm.

The facts in this case are undisputed. Appellee, Greg Liberty, was a high school student at the time he began working part time for Appellant, Adventure Shops, Inc., t/a Halloween Adventure. Adventure Shops is in the business of "temporary stores" and executes leases with various malls on a space available basis for a limited duration, selling Halloween paraphernalia and then closing several days following Halloween. Liberty was employed at Adventure Shops' Oxford Valley Mall location. On September 18, 1991, Liberty was engaged in the pre-opening decoration of the store and was cutting a Styrofoam block with a razor blade in a holder when he inadvertently cut his hand, between his thumb and first finger, sustaining severe damage to his hand.

When Liberty's inquiries into the availability of Workmen's Compensation insurance proved futile, he obtained counsel

and initiated a tort action against Adventure Shops in the Court of Common Pleas of Philadelphia County, alleging that Adventure Shops was negligent and had failed to maintain Workmen's Compensation insurance. Adventure Shops failed to answer the complaint, and a default judgment was taken by Liberty.

The matter proceeded to arbitration for the assessment of damages, at which time an award was entered in favor of Liberty. Adventure Shops appealed the award and moved to dismiss for lack of jurisdiction, based on the fact that the Bureau of Workmen's Compensation had not participated in determining the non-insured status of Adventure Shops. Adventure Shops did not dispute the fact that it had no Workmen's Compensation insurance, but rather contended that Liberty was required to notify the Bureau of Workmen's Compensation and obtain from it a formal declaration that Adventure Shops was uninsured before suit could be instituted in the Common Pleas Court. The trial court denied the motion to dismiss.

Following a non-jury trial de novo, the trial court entered a verdict in favor of Liberty in the amount of $30,078.80, which was later molded to include delay damages pursuant to Pa. R.C.P. 238. Adventure filed post-trial motions which were denied, and this appeal followed.

Adventure Shops argues that an injured employee may not institute suit in Common Pleas Court based on the conclusion that his employer is uninsured, but rather must first notify the Bureau of Workmen's Compensation to solicit its participation and to obtain a formal declaration regarding the employer's insured status, pursuant to Section 305 of the Workmen's Compensation Act, 77 P.S. § 501.

Thus, Adventure Shops questions the trial court's original jurisdiction over this case, claiming that as a prerequisite to bringing suit, a plaintiff whose employer is uninsured must obtain a certificate of non-insurance from the Workmen's Compensation Rating and Inspection Bureau. The section of

the The Workmen's Compensation Act cited by Adventure Shops provides:

> In any proceeding against an employer under this section, a certificate of non-insurance issued by the official Workmen's Compensation Rating and Inspection Bureau and a certificate of the department showing that the defendant has not been exempted from obtaining insurance under this section, shall be prima facie evidence of the facts therein stated.

77 P.S. § 501.

Initially, we note that the section cited by Adventure Shops describes a proceeding brought against an employer by the Department of Labor and Industry for failure to maintain insurance as required by the Act, and does not refer to an action brought against an employer by an injured employee. Therefore, Adventure Shops has applied this section out of context, rendering its argument concerning this section inapplicable to this case. Furthermore, the section provides, in a later paragraph:

> When any employer fails to secure the payment of compensation under this act . . ., the injured employee or his dependents may proceed *either under this act or in a suit for damages at law* as provided by article II.

*Id.* (emphasis supplied).

■ Thus, where an employee is injured in the scope of employment and the employer has not provided workers' compensation coverage, Section 305 of the Workmen's Compensation Act offers the employee an election either to proceed under the Act and accept its compensation schedules or to secure relief outside the Act by an action at law for damages against his employer. *Harleysville Insurance Company v. Wozniak,* 347 Pa.Super. 356, 500 A.2d 872 (1985).

■ In this case, Liberty elected to pursue an action at law against Adventure Shops, as he was permitted to do under the Act. There is simply no merit to Adventure Shops' contention that Liberty was required to produce a certificate of non-insurance before being permitted to bring suit in Common

.

Pleas Court. Not only is such production not required of an employee, but in this case, Adventure Shops admitted the fact that it had failed to maintain Worker's Compensation insurance when it failed to answer Liberty's complaint which contained allegations of non-insurance. Accordingly, the order entering judgment in favor of Liberty is affirmed.

Order affirmed.