# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew James Norbeck,          :
              Petitioner     :
                          :
        v.                 :    No. 277 C.D. 2020
                          :    Argued: April 14, 2021
Workers' Compensation Appeal Board   :
(McCandless Corp.),                 :
              Respondent    :

BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
                 HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MARY HANNAH LEAVITT, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON              FILED: June 24, 2021

       Andrew James Norbeck (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision and order of the Workers' Compensation Judge (WCJ) dismissing his claim petitions against his employer and the Uninsured Employers Guaranty Fund (Fund) based on lack of service and untimeliness, respectively. Primarily, Claimant asserts that Section 1603(b) of the Workers' Compensation Act (Act),[1] 77 P.S. §2703(b), is unconstitutional as applied to him under the state constitution, PA. CONST., art. I §11. Upon review, we affirm the Board's order on alternate legal grounds.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710. Section 1603 was added by the Act of November 9, 2006, P.L. 1362.

## I. Background

Claimant, who worked for McCandless Corporation (Employer) as a construction laborer, injured his low back in the course and scope of employment on July 11, 2016, when a co-worker fell on him from a ladder. Claimant filed a claim petition against Employer for his injury on July 25, 2017, in which he sought total disability benefits from the injury date and ongoing. On September 12, 2017, Claimant filed a claim petition against the Fund alleging the same injury and same date of disability. He also sought payment of medical bills and counsel fees.

The WCJ heard both claim petitions in one proceeding. The WCJ took evidence on the issue of notice, regarding when Employer informed Claimant as to its uninsured status and how Claimant served Employer with his claim petitions. During the hearing, Claimant testified that Employer's owner, Vincent McCandless (Owner), advised him within a few days of his injury that Employer did not have workers' compensation insurance. Reproduced Record (R.R.) at 25a. Claimant also placed into evidence the envelopes addressed to Employer containing his claim petition against Employer, the Notice of Assignment, and hearing notices which were returned as "undeliverable" to him. *See* WCJ Op., 2/15/19, Finding of Fact (F.F.) No. 5. Owner also testified regarding notice and Employer's uninsured status. Both Claimant and Employer submitted medical expert evidence as to Claimant's injury. By interlocutory order issued August 24, 2018, the WCJ closed the record and set a filing date of October 23, 2018, for all written submissions. R.R. at 19a.

The WCJ issued a decision and order denying and dismissing the claim petitions against Employer and the Fund. *See* R.R. at 22a-31a. Although she concluded that Claimant proved a work injury on July 11, 2016, and total disability from that date forward, the WCJ found that Employer was not properly

2

served with the claim petitions or the hearing notices. Based on a lack of service, the WCJ concluded Employer was not liable for Claimant's claim. *See* WCJ Op., Conclusion of Law (C.L.) No. 3.

Regarding his claim petition against the Fund, the WCJ found that Claimant's August 21, 2017 Notice of Claim to the Fund, *see* F.F. No. 6, was filed over one year after Claimant was informed that Employer did not have workers' compensation insurance. *See* F.F. No. 16. The WCJ found that Claimant knew Employer was uninsured within days of his work injury in July 2016, which started the 45-day timeframe for filing notice of his claim against the Fund pursuant to Section 1603(b) of the Act, *as amended* by the Act of October 24, 2018, P.L. 804, No. 132 (Act 132). *See* R.R. at 30a-31a. As a result, the WCJ applied Act 132, effective <u>October 24, 2018</u>, to bar Claimant's claim. The WCJ reasoned that since Claimant's notice to the Fund was untimely, *i.e.*, beyond the 45-day period, Claimant was not entitled to compensation from the Fund. C.L. No. 4. Thus, based on untimeliness, the WCJ dismissed his claim petition against the Fund. *See* R.R. at 30a.

Claimant appealed to the Board, challenging the WCJ's retroactive application of Section 1603(b) of the Act, 77 P.S. §2703(b), alleging it denied him the right to a legal remedy as a matter of law. The Board affirmed the WCJ's order premised on its statutory construction of the Act but declined to rule on the constitutionality of Act 132. *See* Bd. Op., 2/11/20, at 4 (reasoning "an administrative agency has no jurisdiction to determine the constitutional validity of its own enabling legislation"); R.R. at 35a.

Claimant then filed a petition for review of the order. After briefing[2] and argument before this Court *en banc*, the matter is ready for disposition.

---

[2] As it did not file a brief, Employer was precluded from participating in oral argument.

3

## II. Discussion

The WCJ determined Claimant's claim petition against the Fund was time barred under Act 132, which applied to claims pending at the time of its October 24, 2018 effective date. In so doing, the WCJ applied Section 1603(b) of the Act retroactively to Claimant's claim petitions. Claimant challenges the WCJ's retroactive application of Section 1603(b) on statutory construction grounds and constitutional grounds. He argues the retroactive application of Act 132 in Section 1603(b) is inconsistent with the scope provision contained in Section 1603(a) of the Act, 77 P.S. §2703(a). He also contends that applying Section 1603(b) retroactively denies him a legal remedy for a vested legal right in violation of Article I, Section 11 of the Pennsylvania Constitution, also known as the Remedies Clause.[3]

### A. Statutory Construction

We begin our analysis by reviewing the relevant statutory provisions. Section 1603(a) of the Act sets forth the scope of Section 1603 (claims) as follows: "Scope.--This section shall apply to claims for an injury or a death which occurs on or after the effective date of this article." 77 P.S. §2703(a). As amended by Act 132, Section 1603(b) of the Act provides:

> Time.--An injured worker shall notify the fund within 45 days after the worker has been advised by the employer or another source that the employer was uninsured. The [D]epartment [of Labor & Industry] shall have adequate time to monitor the claim and shall determine the obligations of the employer. No employee shall receive compensation from the fund unless:
>
> (1) the employee notifies the fund within the time period specified in this subsection; and

---

[3] The Remedies Clause provides in pertinent part: "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay." PA. CONST. art. I, §11.

4

(2) the [D]epartment determines that the employer failed to voluntarily accept and pay the claim or subsequently defaulted on payments of compensation.

77 P.S. §2703(b) (emphasis added). The applicability provision of Act 132 mandated that the amendment to Section 1603(b) would apply "retroactively to claims existing as of the effective date of this paragraph [(October 24, 2018)] for which compensation has not been paid or awarded." Act 132, §4(2)(iii). Claimant's claims, though filed prior to Act 132's enactment, were undetermined, and thus, pending as of its effective date.

We are mindful that, because the Act "was intended to benefit the injured employee," we must construe its provisions "liberally in the employee's favor in order to effectuate [the Act's] humanitarian objectives." *Cruz v. Workers' Comp. Appeal Bd. (Kennett Square Specialties)*, 99 A.3d 397, 406 (Pa. 2014). Accordingly, "borderline interpretations will be decided in favor of the claimant." *Lozado v. Workers' Comp. Appeal Bd. (Dependable Concrete Work & Uninsured Emps. Guar. Fund)*, 123 A.3d 365, 374 (Pa. Cmwlth. 2015) (*en banc*).

When construing the prior version of Section 1603 of the Act, this Court held as a matter of first impression that the failure to provide timely notice to the Fund did not preclude recovery of any compensation. *Id.* Rather, claimants were entitled to compensation for medical treatment or lost wages incurred from the date notice was provided to the Fund. *Id.* In concluding that untimely notice did not bar recovery, we explained the purpose of the Fund is to cover employees for work injuries sustained on the job when employers do not. *Id.* (citing Section 1602(c) of the Act, 77 P.S. §2702(c)). Thus, under *Lozado*, Claimant would have been entitled to total disability benefits from the date of his Notice of Claim to the Fund, which was August 21, 2017. Claimant urges a similar construction of Section 1603(b) now, notwithstanding the legislative changes.

5

Although the 45-day notice period in Section 1603(b) did not change, the consequence of the failure to provide notice within 45 days now precludes any recovery under the current statutory language. The prior language in Section 1603(b) of the Act differed from the current subsection in that it stated: "No compensation shall be paid from the [F]und until notice is given and the [D]epartment determines that the employer failed to voluntarily accept and pay the claim or subsequently defaulted on payments of compensation. No compensation shall be due until notice is given." 77 P.S. §2703(b). The payment of compensation was thus triggered by notice.

Relevant here, Section 1603(b) sets forth two prerequisites for compensation to be paid by the Fund: (1) timely notice; and (2) a determination regarding the employer's liability for the compensation due on the claim. *See* 77 P.S. §2703(b). Under Act 132, timely notice means notice within 45 days of being advised of the employer's uninsured status. The Fund maintains the "notice is intended to provide adequate time for the [Fund] to monitor the claim and determine the obligations of the primarily liable employer." Fund Br. at 2. In this case, the WCJ barred recovery from the Fund based on Claimant's failure to satisfy the first criterion.

Putting aside the failure to give the Fund timely notice of his claim, in order for Claimant to qualify for payment by the Fund, under the second criterion, Claimant needed a determination as to Employer's liability and nonpayment of compensation. The purpose of the Fund is to cover compensation for injured workers "where the employer liable for the payments failed to insure or self[-]insure its workers' compensation liability . . . ." Section 1602(c) of the Act, 77 P.S. §2702(c).[4] Thus, by the plain language of the statute, liability of the employer

---

[4] Added by the Act of November 9, 2006, P.L. 1362.

6

for compensation is necessary for the Fund to become liable. 1 Pa. C.S. §1903. However, the record in this case reflects that Employer was not found liable.

To the contrary, after a full hearing in which Employer participated and its Owner testified, the WCJ determined Employer was not properly served, and concluded Employer could not be held liable to Claimant for that reason, *see* C.L. No. 3, and the Board affirmed. Significantly, Claimant did not challenge this legal conclusion on appeal.

The record supports the WCJ's finding that Employer was not served. Indeed, Claimant submitted the evidence that established Employer did not receive proper notice of the claim petition, the assignment, and the hearing notices, in the form of the unopened envelopes returned as undeliverable. *See* F.F. No. 15. Because the envelopes were returned to Claimant as undeliverable, he should have known Employer did not receive them and thus was not served. As such, we discern no basis to disturb the WCJ's dismissal of the claim petition against Employer based on a lack of service.

Based on the plain language of the provision, and construing the provision in accordance with statutory construction principles, Section 1603(b) requires a viable claim against Employer and timely notice to the Fund as dual prerequisites to recover compensation from the Fund. Thus, we adopt the Fund's statutory construction of Section 1603(b) of the Act to require an enforceable claim against Employer as a prerequisite to Fund liability.[5] Because the Fund's liability is contingent on that of Employer, and the WCJ concluded Claimant did not have an enforceable claim against Employer, the Board did not err in affirming the

---

[5] Additionally, Section 1603(a) is not among the retroactive provisions and so does not alter the effective date of the substantive part of subsection (b).

7

WCJ's order dismissing Claimant's claim petition against the Fund. Therefore, on this separate ground, we affirm the Board's order.

## B. Constitutional Challenge – Retroactive Application

Because it is unnecessary to resolve the constitutional issue in order to decide this matter, we decline to entertain the constitutional challenge to the WCJ's retroactive application of Act 132 to Claimant under these circumstances.[6] *See Tooey v. AK Steel Corp.*, 81 A.3d 851, 857 (Pa. 2013) (engaging in statutory construction of the Act first, explaining it is the Court's "policy to resolve claims on non-constitutional grounds when it is possible to do so").

## III. Conclusion

Because the Fund is only liable under Section 1603(b) of the Act for claims on which an employer was liable, and the record supports the WCJ's decision that Employer was not liable for Claimant's claim based on a lack of service, and Claimant did not challenge the WCJ's legal conclusion as to Employer's lack of liability, we affirm the Board's order.[7]

_____
J. ANDREW CROMPTON, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[6] Regardless, the retroactive application of Act 132 to Claimant's claims is of no moment to the outcome of the case as there would have been no loss of Claimant's legal right because it was unenforceable against Employer based on his own failure to properly serve Employer.

[7] This Court notes that when an employer had actual notice of and contested a claimant's claims, then lack of technical compliance with service requirements may not be an absolute bar to a claim against the Fund. However, here, Claimant did not attempt to prove substantial compliance or otherwise challenge the WCJ's dismissal of his claim against Employer on service grounds.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew James Norbeck,                    :
                         Petitioner      :
                                         :
            v.                           :   No.  277 C.D. 2020
                                         :
Workers' Compensation Appeal Board       :
(McCandless Corp.),                      :
                         Respondent      :

# **O R D E R**

    **AND NOW**, this 24th day of June 2021, the February 11, 2020, order of the Workers' Compensation Appeal Board is AFFIRMED on alternate grounds consistent with the accompanying opinion.

 

_____
J. ANDREW CROMPTON, Judge